Dear Captain Bonner:
Your request for an Attorney General's Opinion has been referred to me for research and reply.
In your letter requesting an opinion, you state the following: In his capacity as tax collector, the sheriff maintains a data base of taxpayers. Recently, an auditor declared that the sheriff needed to segregate from that list, for various purposes, the names and addresses of those who had paid taxes under protest or who had taken bankruptcy and were making installment payments on their tax liability. The software which ran the data base program lacked the sophistication to ferret out the necessary information. Thus, because the auditor recommended that new software be purchased, the sheriff invested in a new software package that would perform such functions. At about the same time, the sheriff's office incurred the expense of preparing and printing tax notices. Although the police jury paid such charges in the past without question, when you submitted these items for payment this time, the police jury balked, refusing to reimburse the charges that had been incurred.
You have asked whether under La. R.S. 33:4713 the police jury must pay for the cost of the computer program and the preparation and printing of tax notices.
La. R.S. 33:4713 provides that, among other things, the parish shall supply to the sheriff and other tax collectors "a suitable building and requisite furniture" as may be needed by them to conduct business. The more relevant part of the statute to this matter states the following:
 The cost of such furniture and equipment, supplies and maps as may be needed by the tax collector and assessors of each parish shall be borne proportionately by all tax recipient bodies in the parish in the proportion of the amount received from such tax monies by each recipient body in the parish. [Emphasis added.]
 The police jury or other governing authority shall make these purchases and then bill the other tax recipients for their proportionate share.
The legislature first enacted La. R.S. 33:4713 in its original form in 1880. Opinions of this office held that since a police jury had the obligation to provide assessors with the necessary equipment, it would normally have to pay for its maintenance. See Atty. Gen. Op. 1944-46, 708.
Despite the language of La. R.S. 33:4713, the legislature enacted another statute — La. R.S. 47:1908 — in 1928, which statute addresses the payment of assessors' clerical expenses. Originally, this statute required that the payment of "clerical expenses" be paid out of the annual expense allowance appropriated by the legislature. However, the legislature amended La. R.S. 47:1908 in 1948, changing the words "clerical expenses" to "clerical and other expenses." Since that time, this office has consistently expressed the opinion that the responsibility for payment of the expense of repairing equipment was chargeable to the assessors' expense allowance, and not to the police jury. One opinion, in particular, held that maintaining a typewriter fell under the category of "other expenses" of operating the assessors' office. The change in the wording of the statute from "clerical expenses" to "clerical and other expenses" provided the rationale for this opinion. See Atty. Gen. Op. 1948-50, p. 25.
The same reasoning was used in a more recent opinion involving payment of computer maintenance costs. The opinion noted that prior to 1928 La. R.S. 33:4713 provided not only that the police jury should provide the necessary equipment, but should also pay for its maintenance. However, after the amendment to La. R.S.47:1908, the legislature provided for the payment of the maintenance costs of assessors' equipment. Thus, the opinion held that although a police jury would bear responsibility of providing computer equipment, the legislature would appropriate annually the necessary funds to maintain it. See Atty. Gen. Op. 81-1292.
The issue in this opinion request really deals with whether new computer software constitutes "necessary equipment" or a "maintenance cost." The significance of this classification is clear: If computer software were deemed to be "necessary equipment," then the police jury must bear the expense. Otherwise, the legislature would appropriate the cost out of the assessors' annual expense allowance.
First, computer maintenance can consist of things other than an upgrade of computer software; for example, it can include hardware maintenance. Beyond that, a modern-day office cannot function without computers or the software to run them. Software is to a modern-day office what an engine is to a car. It is what runs the entire operation. The provision of new software to address a specific purpose would seem to more closely resemble basic office equipment than to be a mere item of maintenance. This would be especially true of a sheriff's office that must rely on computer software to accomplish one of its major functions; namely, the collection of taxes.
Classifying the new software as "new equipment" is supported by other reasons as well. Software can be purchased on an annual basis or longer to upgrade existing computer programs. However, in this case, the sheriff did not make a regular purchase; he made a special, one-time purchase of software. He obtained the software on a random basis because an auditor essentially ordered him to do so. In other words, the auditor certainly viewed the purchase of software as something more than a maintenance expense. To the auditor, it certainly was "necessary equipment."
The prior treatment of such an expense by the police jury is also telling. Until now, the police jury itself has paid the expense of new software, apparently considering it to be "necessary equipment."
Similarly, the preparation and printing of tax notices in a sheriff's office is not like the purchase of paper clips, staples or pencils. Tax notices are the sine qua non of a sheriff office's tax department. Any objective observer would classify indispensable items like tax notices as "necessary equipment," and not a "maintenance" matter. The other reasons supporting the judgment that computer software is "necessary equipment," would seem to apply in the case of preparing and printing tax notices.
Therefore, it is the opinion of this office that the police jury in this case would have the responsibility of providing the computer software and the tax notices including preparation costs.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Yours very truly,
CHARLES C. FOTI, JR.ATTORNEY GENERAL
By: ________________________ Christopher D. Matchett Assistant Attorney General